UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RICHARD THIBEAUX JR ET AL**     CASE NO. 6:21-CV-01235

**VERSUS**     JUDGE ROBERT R. SUMMERHAYS

**STARR INDEMNITY & LIABILITY CO**     MAGISTRATE JUDGE CAROL B. WHITEHURST

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 6). Defendant, Starr Indemnity and Liability Company, opposed the Motion (Rec. Doc. 10). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be denied.

### Factual Background

Plaintiffs, Richard Thibeaux, Jr. and Shannon Harrison, individually and on behalf of the Estate of Jaylon Harrison, filed suit against Starr, their alleged uninsured motorist insurer, in state court on March 30, 2021 alleging injuries resulting from an automobile accident. (Rec. Doc. 1-2). Starr was served on April 7, 2021 and removed the suit on May 7, 2021 based upon diversity jurisdiction. (Rec.

Doc. 1). Plaintiffs filed the instant Motion to Remand urging the Court to impute the insureds' citizenship to Starr, thereby destroying diversity jurisdiction.

## Law and Analysis

The federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

Plaintiffs alleged they are citizens of Louisiana. (Rec. Doc. 1-2). Starr submits that it is incorporated in Texas with its principal place of business in New York. (Rec. Doc. 1, ¶11). However, Plaintiffs contend that they and Starr are deemed citizens of the same state, based upon 28 U.S.C. §1332(c)(1). That section provides in pertinent part:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

> (A) every State and foreign state of which the insured is a citizen[.]

Plaintiffs contend this case is a "direct action" against Starr, such that §1332(c)(1) applies to align Plaintiffs' and Starr's citizenships. However, §1332(c)(1) does not apply to a plaintiff's suit against his uninsured motorist insurer because that section applies only to direct actions against liability insurers. UM policies are not considered liability policies for these purposes. See detailed discussion in *Gonzalez v. Gov't Employees Ins. Grp.,* No. CIV. A. 99-3707, 2000 WL 235236, at *3 (E.D. La. Feb. 28, 2000), citing cases. Further, as the court in *Gonzalez* reasoned, a plaintiff's suit against his UM insurer is not a "direct action" as contemplated by Louisiana's direct action statute. *Id.* at p. 4, citing cases. See also *Bower v. Wurth*, No. 6:20-CV-00579, 2020 WL 5224518, at *6 (W.D. La. July 31, 2020), *report and recommendation adopted,* No. 20-CV-579, 2020 WL 5227491 (W.D. La. Sept. 1, 2020), citing cases. Thus, §1332(c)(1) does not defeat diversity jurisdiction in this case, and Plaintiff's Motion to Remand should be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of August, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE