UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RICHARD THIBEAUX JR ET AL**          CASE NO. 6:21-CV-01235

**VERSUS**                              JUDGE ROBERT R. SUMMERHAYS

**STARR INDEMNITY & LIABILITY CO**     MAGISTRATE JUDGE CAROL B. WHITEHURST

## MEMORANDUM RULING

The present matters before the Court are two motions for summary judgment: (1) a Motion for Summary Judgment filed by defendant, Starr Indemnity & Liability Co. ("Starr" or "Starr Indemnity") [ECF No. 8]; and (2) a Cross-Motion for Partial Summary Judgment filed by plaintiffs Shannon Harrison and Richard Thibeaux, Jr. [ECF No. 12].

## I.
### BACKGROUND

This case arises out of an accident on October 20, 2020, involving a company automobile driven by Thibeaux from his home in Louisiana to his worksite in Texas.[1] Thibeaux's vehicle collided with a vehicle and trailer parked along I-10 near Vidor, Texas.[2] Thibeaux was severely injured in the accident and his passenger, Jaylon Harrison, was fatally injured.[3] Jose Soriano was the driver of the parked vehicle and trailer. Soriano's vehicle was parked on the shoulder of the highway, but part of his trailer extended out into the roadway.[4] Plaintiffs recovered the policy limits on Soriano's insurance policy.[5] Plaintiffs now seek recovery from defendant Starr

---

[1] ECF No. 8-1 at ¶ 1.
[2] *Id.*
[3] *Id.* at ¶ 3.
[4] *Id.* at ¶ 2.
[5] *Id.* at ¶ 4.

1

Indemnity, which issued a commercial automobile insurance policy to Duphil Inc., Thibeaux's employer and the owner of the vehicle Thibeaux was driving at the time of the accident. Plaintiffs seek to recover under that policy's uninsured and/or underinsured coverage provisions. The crux of both motions for summary judgment is whether Duphil executed a valid uninsured/underinsured motorist ("UIM") coverage waiver.

## II.
## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[7] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[8]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence

---

[6] *Id.*
[7] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[8] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

supporting the moving party that is uncontradicted and unimpeached."[9] "Credibility determinations are not part of the summary judgment analysis."[10] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[11]

## III.
## LAW AND ANALYSIS

### A. Choice of Law.

As a threshold matter, the parties dispute whether Texas or Louisiana law applies as far as the requirements for and validity of the UIM waiver forms executed by a representative of Duphil. The parties do not dispute that the laws and regulations governing UIM coverage differ between Louisiana and Texas.[12] Plaintiffs argue that Louisiana law governs the UIM waivers at issue. Starr Indemnity argues that Texas law applies.

A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state.[13] When determining which state's law to apply, a federal court applies the choice-of-law rules of the state where the court sits.[14] In *Champagne v. Ward*, the Louisiana Supreme Court explained how to determine which state's law applies in cases involving parties and insurance policies that implicate different states.[15] Under *Champagne*, the Court must first determine

---

[9] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[10] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[11] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[12] *See Greene v. Zurich Am. Ins. Co.*, No. 6:19-cv-00018, 2019 WL 5390632, at *3 (W.D.La. Aug. 7, 2019), Report and Recommendation adopted, 2019 WL 5390105 (W.D.La. Oct. 21, 2019) (comparing Louisiana and Texas UIM policy laws).
[13] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938).
[14] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014).
[15] 893 So.2d 786 (La. 2005).

whether the provisions of each state's applicable laws differ.[16] If there is a substantive difference in the states' laws, the court must conduct a choice-of-law analysis under La. Civ. Code Ann. art. 3515, et seq.[17]

Louisiana choice-of-law rules require the Court to determine which state's policies would be most seriously impaired if its laws were not applied to the present dispute.[18] That state is determined by evaluating the "strength and pertinence of the relevant policies of the involved states in light of the factors set forth" in Louisiana Civil Code articles 3515 and 3537.[19] Pursuant to La. Civ. Code Ann. art. 3515, courts must apply the law of the state "whose policies would be most seriously impaired if its law were not applied to that issue," which turns on consideration of:

> (1) the relationship of each state to the parties and the dispute; and
>
> (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.[20]

Louisiana Civil Code article 3537 outlines additional factors that must be considered, specifically:

> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties;
>
> (2) the nature, type, and purpose of the contract; and
>
> (3) the policies referenced in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.[21]

---

[16] *Id.*
[17] *Id.*
[18] *Champagne*, 893 So. 2d at 786. The Fifth Circuit stated in *Pioneer* that Louisiana courts generally apply the law of the state where an insurance contract was issued and executed when interpreting the contract. 767 F.3d at 512 (citing *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir.1999)). That statement, however, was based on jurisprudence that predated the 2005 *Champagne* decision. In contrast to this earlier jurisprudence, *Champagne* requires consideration of multiple factors—not just the state where a contract was issued and executed.
[19] *Id.*
[20] La. Civ. Code Ann. art. 3515.
[21] La. Civ. Code Ann. art. 3537.

Applying these factors to insurance contracts, courts generally consider:

- the state where the policy was formed and issued;
- the residence and domicile of the parties to the accident;
- the residence and domicile of the parties to the insurance contract;
- the state where each vehicle was principally garaged or registered;
- the state where treatment for resulting injuries was delivered; and
- the reasons why each party and vehicle was in the state where the accident occurred.[22]

The caselaw provides useful guidance on applying these factors. For example, in *Champagne*, the Louisiana Supreme Court concluded that Mississippi law applied to the relevant policy even though the accident occurred in Louisiana, the defendant was a Louisiana resident, and the defendant's insurance policy was issued in Louisiana. The decisive factors for the court were (1) the plaintiff was a Mississippi resident, (2) the insurance contract at issue was formed and issued in Mississippi, (3) the plaintiff's covered vehicle was garaged in Mississippi, and (4) the plaintiff's UIM policy was a Mississippi contract.[23]

In *Gates v. Claret*, the Fifth Circuit held that Florida law applied to a coverage dispute because, while the accident occurred in Louisiana, neither of the parties was a Louisiana resident. The vehicle involved was owned by a Florida domiciliary and was registered, licensed, and garaged in Florida; the relevant insurance policy was executed and delivered in Florida.[24]

---

[22] *Garces-Rodriguez v. GEICO Indem. Co.*, 16-196 (La. App. 5 Cir. 12/21/16), 209 So. 3d 389, 394 (collecting cases involving collisions in Louisiana and observing that Louisiana courts "have often found that the state where the insurance policy was issued had a more substantial interest in applying its laws than the state where the accident occurred").

[23] *Champagne*, 893 So.2d at 789.

[24] *Gates v. Claret*, 945 F.2d 102, 106-07 (5th Cir. 1991). Citing *Jones v. American Fire–Indemnity Insurance Co.*, 442 So.2d 772 (La.App.1983), the court noted that when an insured vehicle is garaged, registered, and licensed in one state, application of that state's law "should have been readily envisioned" by the parties to the contract. *Gates* at 106.

In *Solstice Oil & Gas I, L.L.C. v. Seneca Ins. Co.*, the Fifth Circuit found that Texas law governed the relevant policies because the two insurers (both New York corporations) had insured a Texas corporation, and the policies included changes, notices, or endorsements specifically to comply with Texas law.[25] In that case, the fact that the failed drilling operations that formed the basis of the suit occurred in Louisiana did not overcome the stated and implied intent that Texas law would apply, as well as the strength of the connection between that state and the policies and claims at issue.[26]

Finally, in *Greene v. Zurich American Insurance Co.*, the court concluded that Louisiana law applied to a case where the plaintiff was a Louisiana resident but was present in Texas on a temporary job assignment at the time of the accident. There, the plaintiff was driving an employer-provided vehicle that was principally garaged in Louisiana and most of his medical treatment took place in Louisiana.[27] Moreover, because the relevant policy was formed and issued in Texas, the inclusion of a *Louisiana* UIM endorsement showed that the parties envisioned that the insured would have business operations in Louisiana that would be subject to this UIM coverage. Accordingly, the court concluded that the insurance carrier could not have been surprised that Louisiana law would apply to UIM coverage disputes.[28]

Here, the choice-of-law factors weigh in favor of the application of Texas law. The Plaintiffs are domiciled in Louisiana and the Duphil work vehicle driven by Thibeaux at the time of the October 20th accident was "garaged" at his residence in Louisiana two of the seven nights of the week.[29] The summary judgment record also shows that Thibeaux received some

---

[25] 655 F. App'x 221, 224 (5th Cir. 2016).
[26] *Id.*
[27] *Greene*, 2019 WL 5390632 at *5, *report and recommendation adopted*, 2019 WL 5390105 (W.D. La. Oct. 21, 2019).
[28] *Id.*
[29] Affidavit of plaintiff, Richard Thibeaux [ECF No. 11-23].

convalescent and rehabilitation treatment in Louisiana.[30] On the other hand, the majority of the factors weigh heavily in favor of the application of Texas law:

- The accident in question occurred in Texas;

- The policy at issue was issued in Texas;

- The Duphil work vehicle involved in the accident was purchased and registered in the state of Texas;

- Thibeaux and Harrison were "hired out of the Orange, Texas office" of Duphil;

- Plaintiffs performed their work in Texas;

- The work vehicle involved in the accident was "garaged" in Texas for five of the seven nights of the week; and

- Thibeaux receives Texas Worker's Compensation as a result of the accident.[31]

Weighing these factors, the Court concludes that Texas has the greater interest in the application of Texas UIM law and regulations. Accordingly, Texas law governs Plaintiffs' claims.

**B. Do the UIM Waivers Bar Coverage as a Matter of Law?**

The motions for summary judgement next address whether the UIM waivers in the record preclude Plaintiffs' claims as a matter of law. Starr Indemnity contends that this question can be decided as a matter of law based on the terms of Duphil's commercial automobile policy and the Texas and Louisiana UIM waivers in the record. Accordingly, Starr asserts that there is no need for discovery before deciding the present motions. Plaintiffs, however, point to the declaration in the Duphil policy that provides for UIM coverage and argue that, absent a valid UIM waiver for that policy, the policy provides UIM coverage.[32] Plaintiffs further point to two problems with the summary judgment evidence. First, the Texas UIM waiver originally filed with Starr's Motion for

---

[30] *Id.*
[31] ECF No. 17 at 4 (*see* exhibits referenced therein).
[32] ECF No. 12-1 at 2.

Summary Judgment identifies the wrong insurance policy—Duphil's CGL policy and not Duphil's commercial auto policy.[33] They further point to the fact that the waivers were not attached to the policy itself and that the only link between the UIM waivers in the record and the applicable policy are (1) the policy number identifier on the waiver—which was incorrect with respect to the Texas UIM waiver—and (2) the affidavit of Duphil's representative, Jennie Scalfano. Plaintiffs also point to the fact that the Louisiana UIM waiver filed with the original motion for summary judgment was not the correct UIM waiver.[34] Starr acknowledges this error and submitted the correct Louisiana waiver form and a supplemental affidavit with its reply brief.[35] This waiver form does not include a policy number, but the supplemental affidavit states that the waiver form applies to the Duphil policy at issue in the case. Plaintiffs further argue that, at the time of their summary judgment response, they had not engaged in full and complete discovery and had not received a complete insurance file from Starr Indemnity. The Court notes that at the time Starr's motion was filed, a scheduling order had not been issued and, when the scheduling order was entered, the discovery deadline was set for August 2022—over a year after Starr's motion was filed.

After considering the summary judgment record, the Court concludes that there are genuine questions of material fact with respect to whether the documents currently on file preclude Plaintiffs' claims as a matter of law, especially given the lack of discovery in the case. The dates on the UIM waiver forms, the contents of those forms, as well as the affidavits submitted by Ms. Scalfano may ultimately support an inference that the UIM waiver forms on file reflect Duphil's written expression of its desire to reject UIM coverage under the Duphil commercial automobile policy at issue. Moreover, as explained by Starr Indemnity, the incorrect policy number on the

---

[33] ECF No. 12-1 at 15-16.
[34] *See* Starr Indemnity Reply Memorandum and Exhibit [ECF No. 17, 17-1].
[35] ECF No. 17.

Texas UIM waiver may well be a "clerical error;" Starr also argues that the waiver could not "logically" relate a CGL policy that has nothing to do with automobile insurance.[36] These contentions may be true—but it is unclear whether they entitle Starr to summary judgment without affording Plaintiffs meaningful discovery.

In sum, the Court agrees with Starr Indemnity that the question of UIM coverage may ultimately be appropriate for summary judgment—but not based on the current summary judgment record and the current status of discovery. Starr's Motion for Summary Judgment is denied without prejudice to refiling the motion at the close of discovery. Plaintiffs' Cross-Motion for Partial Summary Judgment is denied for the same reasons.

### III.
### CONCLUSION

Considering the foregoing, Starr Indemnity's Motion for Summary Judgment [ECF No. 8] is **DENIED** without prejudice. Plaintiffs' Cross-Motion for Partial Summary Judgment [ECF No. 12] is **DENIED** without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of March, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[36] ECF No. 17 at 7-8.